## Johnson et al. v. Commonwealth.

(Decided Nov. 15, 1934.)

W. E. PROCTOR and D. B. CAUDILL for appellants.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellants, constituting the fiscal court of Rowan county, were indicted for the offense of malfeasance in office and on their trial were found guilty and each fined $100. The sentence carried with it a forfeiture of office, but inasmuch as the terms which the appellants were filling at the time of their indictment and conviction have expired pending this appeal, this phase of the case is no longer of interest. Appellants have each prayed an appeal in this court. The appeal will have to be granted and the judgment reversed.

Many grounds are urged for reversal. It is first insisted that the indictment is bad because of duplicity. Conceding without deciding the merit of this contention, yet we find that the trial court, by its rulings on the admission of evidence and by the instructions it gave to the jury, limited the commonwealth but to one offense, that is, whether the defendants, as the fiscal court, were guilty of the offense charged because they had willfully appropriated and issued vouchers for a greater sum of money for the fiscal year beginning January 1, 1932, and ending December 31, 1932, than had been levied by them or appropriated by them for that year. As to this issue, we have carefully read this record and have come to the conclusion that there was no evidence to sustain the contention of the commonwealth. The testimony introduced by it is in a very confused state, but it may safely be said that it discloses that the anticipated revenue, including the road levy, for the year 1932 was conservatively fixed at the sum of $34,809.16 at the time the fiscal court proceeded to make its appropriations for that year, and that it paid out $23,863.56 on expenditures incurred in that year. There was a total floating indebtedness on January 1, 1932, of $9,437.16, which under the law had to be carried over into the expenditures for the year 1932. But when this is added to the other expenditures for that year, the total yet falls short of the estimated revenue for that year. It is true the estimated revenue was not collected during the calendar year 1932. The failure to so collect was due in some part to the postponement of the collection date of taxes until March of the following year, and in part perhaps because the sheriff was unable to collect the taxes which had been put into his hands for collection. But there is no satisfactory evidence that the fiscal court spent or appropriated during the year 1932 more than the estimated revenue for that year. This being true, the court should have peremptorily instructed the jury to find the appellants not guilty. The appeal is granted and the judgment reversed for proceedings consistent with this opinion.